# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JUSTIN R. KING**
**United States Army, Appellant**

ARMY 20120886

Headquarters, 2d Infantry Division
Wendy P. Daknis, Military Judge
Lieutenant Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA (on brief).

7 June 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of dereliction of duty, larceny (seven specifications), and wrongfully stealing mail (seven specifications), in violation of Articles 92, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921, 934 (2006) [hereinafter UCMJ].  *See Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶ 93.b.(2).  The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, forfeiture of $994.00 pay per month for twelve months, and reduction to the grade of E-1.  The convening authority reduced appellant's sentence to confinement by one month and approved the remainder of the adjudged sentence.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant argues in matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that his conviction for dereliction of duty must be set aside because it represents an unreasonable multiplication of charges.  We agree. Appellant's conviction for dereliction of duty is predicated upon the same criminal

act as his convictions for wrongfully stealing mail: stealing mail that he had a duty to deliver to fellow soldiers. "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). *See United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (creating a five-part test to determine whether charges have been unreasonably multiplied). On balance, we find the *Quiroz* factors weigh in appellant's favor. Accordingly, we conclude there was an unreasonable multiplication of charges in this case. *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief). We find appellant's remaining *Grostefon* issues to be without merit.

The findings of guilty of the Specification of Charge I, and Charge I, are set aside. The remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court